**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00814-RK |
| | ) | |
| HEALTH MATCHING ACCOUNT | ) | |
| SERVICES, INC., PET HEALTH | ) | |
| MATCHING SERVICES, INC., REGINA | ) | |
| GOROG, A/K/A REGINA BARGANIER; | ) | |
| AND ELLIOTT GOROG, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On October 17, 2025, the United States filed this consumer fraud action against Defendants Health Matching Account Services, Inc. ("HMAS"), Pet Health Matching Services, Inc. ("PHMS"), Regina Gorog, and Elliott Gorog under the Anti-Fraud Injunction Statute, 18 U.S.C. § 1345. (Doc. 1.) Now before the Court are two motions: (1) an *ex parte* motion to file the case under seal, (Doc. 2), and (2) an *ex parte* emergency motion for temporary restraining order and injunctive relief, (Doc. 3).

### I. *Ex Parte* Motion to Proceed Under Seal (Doc. 2)

After careful consideration and review, and for good cause shown, the Court **ORDERS** that the United States' *ex parte* motion to file the case under seal is **GRANTED**. This case shall accordingly remained under seal until a named Defendant is served with the initial pleadings. Nothing in this Order precludes the United States or law enforcement officers involved from serving notice of any TRO entered in this case upon affected third parties, including financial institutions and web hosting companies.

### II. *Ex Parte* Motion for Temporary Restraining Order and Injunctive Relief (Doc. 3)

Having considered the United States' *ex parte* motion for temporary restraining order and injunctive relief and the verified complaint, the Court finds that the United States has made a sufficient showing in support of the emergency injunctive relief granted herein as required by Rule 65(b) of the Federal Rules of Civil Procedure and 18 U.S.C. § 1345, the Anti-Fraud Injunction Statute. The Court finds, based on the verified complaint and *ex parte* motion, that absent

emergency injunctive relief, Defendants will both continue to solicit new members who will begin to make new contributions to the fraudulent healthcare savings plan-like programs and will continue to collect contributions by existing members and may then dissipate, alienate, and conceal the proceeds of the fraudulent scheme. In short, the Court is satisfied that emergency injunctive relief without prior notice to Defendants is necessary to protect the public interest as expressly authorized by the Anti-Fraud Injunction Statute and is consistent with Rule 65(b). Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the United States for issuance of this Temporary Restraining Order.

Accordingly, the Court **ORDERS** that Defendants, their agents (including financial and banking institutions or any other entities having possession or control of Defendants' assets), officers, and employees, and all other persons or entities in active concert or participating with Defendants in their affairs are hereby temporarily enjoined and restrained from:

(1) maintaining, using, and doing business through the use of the domains "healthmatchingaccounts.com" and "healthmatching.com";

(2) soliciting or enrolling new HMAS and PHMA customers/members;

(3) cashing any checks or depositing or processing any payments from HMAS and PHMA members;

(4) accessing the following accounts (including but not limited to, accepting deposits, processing payments, depositing, transferring, withdrawing, pledging, encumbering, disposing of, or otherwise using funds held in the accounts):

PlainsCapital Account No. ███ 8956
PlainsCapital Account No. ███ 9102
PlainsCapital Account No. ███ 8901
PlainsCapital Account No. ███ 3400
PlainsCapital Account No. ███ 7802
PlainsCapital Account No. ███ 7102
PlainsCapital Account No. ███ 1703
PlainsCapital Account No. ███ 3302
PlainsCapital Account No. ███ 3902
Stripe Account ID: acct_███ vejH
Stripe Account ID: acct_███ rp2t
Stripe Account ID: acct_███ UYzw

(5) establishing any new bank accounts without informing the government in advance;

(6) dissipating, transferring, selling, withdrawing, pledging, encumbering, disposing of, or otherwise using, any personal or business assets that were derived or obtained from HMAS

and PHMA-related activities, or that are co-mingled with money or other assets derived or obtained from HMAS and PHMA-related activities;

(7) opening or attempting to open safe deposit boxes and/or safes into which proceeds of HMAS and PHMA-related activities are deposited, transferred or placed; and

(8) destroying or otherwise discarding any records (including electronically stored information), relating to the business of HMAS and PHMA, including but not limited to business, corporate, banking, financial, and accounting records.

The Court **FURTHER ORDERS** that GoDaddy.com and Verisign, Inc. shall take such steps as are necessary to prevent the public from accessing Defendants' websites— (1) "healthmatchingaccounts.com" and (2) "healthmatching.com"—including by changing the Domain Name System record to remove any named server and leave it blank. GoDaddy.com and Verisign, Inc. shall impose a registry lock on the "healthmatchingaccounts.com" and "healthmatching.com" domain name and lock any accounts associated with the registrant of the domain name to prevent any change, transfer, or deletion of such domain name or accounts without the prior authorization of this Court.

The Court **FURTHER ORDERS** that within ten (10) business days of notice of this Order, Defendants must provide to the United States a sworn statement that (1) identifies each account or asset titled in the name of any named Defendants; (2) states the balance of each account or provides a description of the nature and value of each asset under the name of any named Defendant; and (3) identifies any safe deposit box or storage facility that is titled in the name of—or subject to access by—any named Defendant.

The United States shall execute service of this Order—along with copies of the Summons, Complaint, and *Ex Parte* Motion for Temporary Restraining Order and Injunctive Relief—on or before October 31, 2025. This temporary restraining order shall remain in force until November 5, 2025. Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, Defendants shall appear before this Court on November 19, 2025, at 3:30 PM for a hearing to show cause why the preliminary injunction requested by the United States should not be granted.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 22, 2025